IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

DARROW WINDHAM,                )
                               )
        v.                     )        CASE NO. 1:26-CV-521-WKW
                               )                [WO]
DONALD VALENZA and             )
COMMANDER MOORE,               )
                               )
        Defendants.            )

## ORDER

"Federal courts have an obligation to examine *sua sponte* their own jurisdiction over a case . . . ." *DeRoy v. Carnival Corp.*, 963 F.3d 1302, 1311 (11th Cir. 2020). "The plaintiff bears the burden of affirmatively asserting facts" that establish subject matter jurisdiction. *Id.*

Plaintiff Darrow Windham, an inmate in the Houston County Jail, filed this civil action *pro se* by submitting a template complaint that, aside from naming two Defendants in the caption, contains no substantive allegations. (Doc. # 1.) The pleading contains nineteen handwritten "N/As" and no other information. It identifies no federal statute or federal constitutional provision, and the section titled, "STATE BRIEFLY THE GROUNDS," lists "N/A," with no facts to support any constitutional violation. (Doc. # 1 at 2.) Without any asserted federal right or facts, there is no federal question jurisdiction on the face of the complaint. *See* 28 U.S.C. § 1331 (federal question jurisdiction). The complaint also does not allege the

citizenship of Plaintiff or any defendant, any amount in controversy, or any basis suggesting diversity jurisdiction.  *See* 28 U.S.C. 1332(a) (diversity jurisdiction).

In sum, the court lacks subject matter jurisdiction over this action because the complaint neither alleges nor contains any facts to support federal question jurisdiction or diversity jursdiction.  Accordingly, it is ORDERED that this action is DISMISSED without prejudice.

DONE this 6th day of July, 2026.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE